# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY RITTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-19-1195-G |
| | ) |
| MALE NURSE "DOE," | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff Gregory Ritter, a federal prisoner appearing pro se, filed this federal civil rights action in December 2019. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings.

On August 28, 2020, Judge Erwin issued a Second Report and Recommendation ("Second R. & R.," Doc. No. 20), in which he recommended that this action be dismissed. Plaintiff has timely filed an Objection to the Second R. & R. *See* Pl.'s Obj. (Doc. No. 24). The filing of Plaintiff's Objection triggers de novo review by this Court. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

    I.    *Background*

Following the initial entry of referral, Judge Erwin considered Plaintiff's First Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2). Judge Erwin granted the First Application and found that Plaintiff was entitled to proceed without prepayment of the full filing fee. *See* Order of Jan. 14, 2020 (Doc. No. 5) at 1. Judge Erwin further

found that, pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff was required to submit an initial partial filing fee of $12.43, with monthly payments to follow thereafter. *See id.* at 1-2; 28 U.S.C. § 1915(b)(1), (2). Plaintiff was ordered to pay this initial partial filing fee no later than February 4, 2020. *See* Order of Jan. 14, 2020, at 2.

Plaintiff did not thereafter submit any payment or correspondence to the Court. On February 12, 2020, Judge Erwin entered a First Report and Recommendation (Doc. No. 6), in which he recommended that this action be dismissed due to Plaintiff's failure to submit his initial partial filing fee as ordered. No objection was filed, and so the First Report and Recommendation was adopted and this matter dismissed without prejudice. *See* Order of Mar. 6, 2020 (Doc. No. 7); J. (Doc. No. 8).

On March 13, 2020, the Court received a filing from Plaintiff that was liberally construed as a request by Plaintiff for leave to show cause why he cannot pay the $12.43 initial partial filing fee as previously ordered. Accordingly, the Court reopened the matter, vacated the previously entered judgment, ordered Plaintiff to show cause in writing within 21 days why he should be relieved from the initial partial filing fee requirement, and re-referred the case back to Judge Erwin. *See* Order of Mar. 30, 2020 (Doc. No. 10).

Judge Erwin then directed Plaintiff to file an amended application for leave to proceed *in forma pauperis*. *See* Order of Apr. 29, 2020 (Doc. No. 12). Following several extensions, Plaintiff submitted a Second Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 18). Judge Erwin then granted that Second Application and ordered Plaintiff to submit his 28 U.S.C. § 1915(b)(1) initial partial filing fee of $5.47 no later than August 17, 2020. *See* Order of July 30, 2020 (Doc. No. 19). The Court's August 17, 2020

deadline came and went with no payment by Plaintiff. Judge Erwin therefore issued his Second Report and Recommendation, noting that Plaintiff has failed to pay the initial filing fee as required and recommending that this action be dismissed. *See* Second R. & R. (citing 28 U.S.C. § 1915(b)(1); LCvR 3.4(a); *Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003)).

II. Discussion

In his Objection to the Second Report and Recommendation, Plaintiff blames prison officials for his failure to comply with the Court's orders and to send in his required initial filing payment. *See* Pl.'s Obj. at 1, 3, 5. Plaintiff also mentions alleged errors in his previous applications and submits a Third Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 21), asking that the Court accept this application "as fact." *Id.* at 3; *see also* Pl.'s Mot. to Docket (Doc. No. 22). The docket does not reflect, however, that Plaintiff ever sought relief from the Court or otherwise for assistance with the transmission of the $12.43 or $5.47 payments from his prison account. Further, Plaintiff's previous applications were accepted as sufficient by the Court, and Plaintiff's criticisms of unidentified facility officials offer no reasoned basis to indicate that Plaintiff "attempted to comply with the fee order[s]." *Cosby*, 351 F.3d at 1331.

Nothing in Plaintiff's Objection or other submissions reflects any error in Judge Erwin's findings and recommendation. The calculation of the initial partial payment is prescribed by federal statute, and Plaintiff's payment to the Court is required under that statute. *See* 28 U.S.C. § 1915(b)(1) (directing that a prisoner who is granted leave to proceed *in forma pauperis* must submit "an initial partial filing fee of 20 percent of the greater of . . . the average monthly deposits to the prisoner's account . . . or . . . the average

3

monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint"); *see also* LCvR 3.4(a) ("Failure of any applicant to pay the initial partial filing fee . . . by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by that date why the applicant cannot pay the fee shall be cause for dismissal of the action without prejudice to refiling.").

## CONCLUSION

Upon de novo review, the Court agrees with and adopts the findings and recommendation set forth in the Second Report and Recommendation (Doc. No. 20). This matter is DISMISSED WITHOUT PREJUDICE. This disposition renders all other pending matters MOOT. A separate judgment shall be issued.

IT IS SO ORDERED this 16th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge